DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-727-FDW

| | |
|---|---|
| DAVID LEE HARDIN, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| FNU LANE, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on initial review of this action filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(e). Plaintiff filed an application to proceed in forma pauperis along with the Complaint. (Doc. No. 2).

**I.   BACKGROUND**

Pro se Plaintiff David Lee Hardin is a North Carolina inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff filed this action on October 19, 2016, under 42 U.S.C. § 1983, naming as the sole Defendant FNU Lane, alleged to be a correctional officer at Lanesboro. (Doc. No. 1). Plaintiff originally filed this action in the Eastern District of North Carolina and on October 20, 2016, the action was transferred to this Court. (Doc. No. 4). Plaintiff alleges that Defendant Lane violated his Eighth Amendment rights when Lane allegedly opened Plaintiff's cell door on October 12, 2016, and then allowed several gang members to attack and assault Plaintiff in his cell. (Doc. No. 1 at 3-4). As relief, Plaintiff seeks "a settlement of $25,000 due to the life threatening situation and my injuries." (Id. at 4).

1

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a Section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so <u>properly</u> (so that the agency addresses the issues on the merits).'" <u>Id.</u> at 90 (quoting <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1024 (7th Cir. 2002)). In <u>Jones v. Bock</u>, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." <u>Id.</u> at 211 (citing <u>Porter</u>, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. <u>Anderson v. XYZ Correctional Health Servs.</u>, 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." <u>Green v. Rubenstein</u>, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in <u>Anderson</u>, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. <u>See</u> N.C. GEN. STAT. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); <u>Moore v. Bennette</u>, 517 F.3d 717, 721 (4th Cir. 2008). The law is settled that a plaintiff must exhaust administrative

remedies before filing a claim, and a prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

Plaintiff filed this action on October 19, 2016, and the incident giving rise to his claim occurred on October 12, 2016. In the form Complaint, and in response to a question asking whether he has "present[ed] the facts relating to your complaint to the state inmate grievance procedure," Plaintiff responded, "So far, step 1." (Doc. No. 1 at 1). Plaintiff further responded that he was "still waiting" for a response to his grievance. (Id.). By Plaintiff's own allegations, then, he did not exhaust his administrative remedies before filing this action against Defendant Lane. This action must therefore be dismissed without prejudice.

## IV. CONCLUSION

Plaintiff's action is dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice.

(2) Plaintiff's in forma pauperis application is **GRANTED** for the limited purpose of this initial review.

(3) The Clerk of Court is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge